UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
THEMIS CAPITAL and DES MOINES INVESTMENTS :
LTD., :
: 09 Civ. 1652 (PAE)
Plaintiffs, :
-v- : ORDER
:
DEMOCRATIC REPUBLIC OF CONGO and CENTRAL :
BANK OF THE DEMOCRATIC REPUBLIC OF :
CONGO, :
:
Defendants. :
:
------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

The Court has received plaintiffs' letter, dated August 8, 2012, "seeking clarification" regarding the August 6, 2012 Case Management Plan and Scheduling Order. Specifically, plaintiffs request clarification as to (1) whether the Court intended that initial disclosures occur in accordance with Fed. R. Civ. P. 26(a), despite plaintiffs' "objection" to requiring such disclosures, and (2) whether the Court intended to approve the intermediate deadlines that were proposed in the case management plan. The Court has also received plaintiffs' letter, dated August 9, 2012, requesting "further clarification" regarding the scope of discovery and whether S.D.N.Y. Local Rule 33.3 is applicable to this case, explaining that "it is Plaintiffs [sic] understanding that the Court did not intend that interrogatories in this case would be limited by Local Rule 33.3." The Court has also received defendants' letter, dated August 10, 2012, objecting to plaintiffs' attempt to exempt the case from Local Rule 33.3.

The confusion that has occurred here is due to plaintiffs' disregard of the Court's Individual Rules and Practices. Those Rules direct the parties to submit a joint case management

plan and order. The case management plan submitted by plaintiffs appeared to be such a plan, and did not clearly indicate that it had been submitted unilaterally by plaintiffs. On the understanding that the dates set forth in the plan had been jointly agreed to, the Court approved that plan, without modifying any of the dates set out in the plan.

Before turning to the dates in the plan, the Court directs that plaintiffs' counsel submit a sworn declaration, by noon on Thursday, August 16, 2012, explaining specifically (1) whether counsel for the plaintiffs and the defense met and conferred about the case management plan before it was submitted, as required, and if so, specifically who participated in that meeting and when it took place; (2) whether plaintiffs' counsel, before submitting that plan, had reviewed the Court's Individual Rules and Practices; and (3) how plaintiffs came to submit a case management plan that purported to be a joint submission, as contemplated by the Court's individual rules, when in fact it was not. The Court is dismayed by plaintiffs' disregard for the Court's rules, which has caused confusion and delay.

As to the dates required by the case management plan, the Court will require that initial disclosures be made, as long as one party requests such, as appears to be the case. Plaintiffs have provided no basis for their objection that initial disclosures should not occur; and this case is not exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B). The Court will, *sua sponte*, extend the deadline for initial disclosures to August 24, 2012, in light of the confusion that until now has apparently existed on this point. No further extensions to that deadline will be given. The Court will not, however, extend the November 30, 2012 discovery deadline. The Court expects strict adherence to discovery deadlines and rules moving forward. Additionally, no party has proposed that the Court exempt the case from Local Rule 33.3. Accordingly, Local Rule 33.3 applies in full.

The parties are further directed, again, to submit a jointly-proposed case management plan, in accordance with the Court's Individual Rules and Practices and consistent with this Order, by Thursday, August 16, 2012 at 12 noon. That proposal, being jointly proposed, should contain no hidden language regarding objections to the language or dates contained in the proposed order. If, after the parties meet and confer, the parties cannot jointly propose a case management plan, the parties are directed to each submit a proposed plan with letters detailing the nature of the dispute and the basis for their proposal, in accordance with the Court's Individual Rules, by the same date and time.

To the extent discovery disputes arise in this case, the Court directs counsel to its Individual Rules. The Court's Individual Rules relating to discovery disputes provide:

> **C. Discovery Disputes.** Follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may write a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must do so within three business days and should call Chambers promptly to advise that a responsive letter will be forthcoming. Reply letters are not invited. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, including by telephone conference call.

SO ORDERED.

*Paul A. Engelmayer*
———————————————
Paul A. Engelmayer
United States District Judge

Dated: August 14, 2012
       New York, New York