

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**DENNIS H. HRANITZKY**

dennis.hranitzky@dechert.com
+1 212 641 5647  Direct
+1 212 698 3599  Fax

January 24, 2013

**VIA EMAIL**

Honorable Paul A. Engelmayer
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Themis Capital & Des Moines Investments Ltd. v. the Democratic Republic of Congo & the Central Bank of the Democratic Republic of Congo*, No. 09 Civ. 1652

Dear Judge Engelmayer:

    We represent plaintiffs Themis Capital and Des Moines Investments Ltd. (collectively, "Plaintiffs") in the above-referenced action. We write pursuant to Your Honor's Individual Practice Rule 3(H) and the Civil Case Management Plan and Scheduling Order in this matter to request a pre-motion conference with respect to a renewed motion for summary judgment that the Plaintiffs would like to file. Plaintiffs believe that this action will soon be ripe for a renewed summary judgment motion because discovery — while still incomplete — has revealed that defendants, the Democratic Republic of Congo (the "DRC") and the Central Bank of the Democratic Republic of Congo (the "Central Bank," and together with the DRC, the "Defendants") executed two separate acknowledgments of their payment obligations to creditors like Plaintiffs under a March 31, 1980 Refinancing Credit Agreement (the "Credit Agreement," which is attached to Plaintiffs' Amended Complaint as Exhibit A). Plaintiffs are the assignees of all rights, title, interest, benefits, and obligations in certain debts owed by the Defendants under the Credit Agreement, among the DRC, the Central Bank, certain bank creditors of the DRC, certain agents, and the Bank of Tokyo Trust Company as Servicing Bank). Plaintiffs are currently owed over $80 million in principal and interest by the Defendants pursuant to the Credit Agreement.

    The proposed renewed motion for summary judgment will not be the first time that this Court will have considered the merits of Plaintiffs' claims.[1] On December 23, 2011, Plaintiffs

---

[1] Plaintiffs initially moved for a default judgment, in accordance with Section 1608(e) of the Foreign Sovereign Immunities Act ("FSIA"), on February 1, 2010. Plaintiffs made an evidentiary showing before Judge Daniels, and he granted Plaintiffs' motion on April 28, 2010. The Court then referred this action to Magistrate Judge Fox for a determination of the amount of interest owed to the Plaintiffs. Judge Fox filed his Report and Recommendation (the "Magistrate's Report") on November 1, 2010. On or around November 29, 2010, after the time for objecting to the Magistrate's Report had expired, the Defendants appeared in this action and requested additional time to file an objection. Their objection was filed on January 21, 2011, and related solely to the interest calculation method that Judge Fox used and the amount of expenses

14802511.2.LITIGATION

US  Austin  Boston  Charlotte  Hartford  Los Angeles  New York  Orange County  Philadelphia  Princeton  San Francisco
Silicon Valley  Washington DC    EUROPE  Brussels  Dublin  London  Luxembourg  Moscow  Munich  Paris    ASIA  Beijing  Hong Kong



Honorable Paul A. Engelmayer
January 24, 2013
Page 2

moved for summary judgment before this Court. On July 26, 2012, this Court denied Plaintiffs' pre-discovery summary judgment motion without prejudice to Plaintiffs' right to re-file after a period of limited discovery. The Court ruled that: (1) the Court may properly exercise jurisdiction over the claims in the Amended Complaint; (2) the acts of an apparent agent can bind foreign governments when the state engages in private or commercial acts; and (3) the 2003 Renewal Agreement, if found to be authentic and binding on Defendants, would render Plaintiffs' claims timely. In the decision, the Court expressed that it "wishes to receive additional information . . . to help it evaluate the various open issues in this case, and especially (a) whether Mr. Luongwe and Mr. Masangu had apparent authority to enter into a contract on behalf of the DRC and the Central Bank renewing the 1980 Credit Agreement, and (b) whether plaintiffs were obligated to inquire into the scope of their authority." The Court went on to provide a "non-exhaustive list of areas of discovery which the Court believed would be fruitful" including " all communications leading up to the 2003 Letter between (1) representatives of the DRC and the Central Bank, and (2) plaintiffs or their predecessors in interest, " "non-privileged internal communications among predecessor entities, or any other relevant successor in interest to the original creditors with respect to the initiation, drafting, or development of the 2003 Renewal agreement," "internal communications within the DRC and the Central Bank with respect to these subjects, " "whether there exists any evidence that rebuts the presumption that the signatures on the 2003 Letter are, in fact, authentic" and "evidence as to actual authority."

Although Defendants' have failed to cooperate with Plaintiffs' efforts to conduct this Court-ordered discovery, the discovery Plaintiffs have obtained from third parties indicates that, when discovery is complete, there will be no genuine issue of material fact with respect to Plaintiffs' entitlement to collect the amounts owed under the Credit Agreement. At the time the initial summary judgment motion was filed, Plaintiffs were in possession of a letter, dated February 25, 2003, signed by Mr. Luongwe, the Interim Minister of Budget of the DRC and Mr. Masangu, the Governor of the Central Bank "acknowledge[ing] and confirm[ing]" the Defendants' obligations under the Credit Agreement. This had the effect of renewing the six-year statute of limitations applicable to the Plaintiffs' claims, making those claims timely. The Defendants questioned the origin of the letter, as well as the authority of the "Interim Minister of Budget" to sign the letter. Documents and information uncovered by Plaintiffs through discovery indicate, among other things, both (1) that the 2003 renewal letter was signed by the individuals who purported to sign it, and (2) that those individuals had authority to bind their respective principals to the renewal obligation. Discovery has also revealed that in July 2009, after this action was commenced, the Defendants once again renewed their obligations under the Credit Agreement. This July 15, 2009 renewal letter is signed by the "Minister of Finances" "Athanase Matenda Kyelu" and Mr. Masangu, the Governor of the Central Bank.

---

that he awarded. On April 28, 2011, before the objection was ruled upon, the Defendants filed a motion to set aside default. Without conceding the merits of the Defendants' assertions, the Plaintiffs consented to the motion to set aside the default. The Plaintiffs' position has always been that they would prefer a contested judgment to a default judgment because they anticipate that the judgment may need to be enforced abroad, and many foreign courts look more favorably upon contested judgments than default judgments.



Honorable Paul A. Engelmayer
January 24, 2013
Page 3

Based on these revelations, and others, Plaintiffs are confident that by the close of discovery, there will be no doubt as to their entitlement to recover on their claims. Because there will be no genuine issues of material fact at that time, Plaintiffs believe that a summary judgment motion will then be ripe for determination.[2]

Respectfully submitted,

Dennis H. Hranitzky

cc: Nady Mayifuila, Esq. (by email)

---

[2] As this Court is aware, the firm of Emery Mukendi Wafwana & Associates has sought to withdraw as counsel for counsel for Defendants. Pursuant to the Court's December 19, 2012 Order, the withdrawal will be effective 60 days after the January 2, 2013 filing of proof of service of that Order on Defendants. In the event that substitute counsel does not appear as of that date, Plaintiffs intend to move for a default judgment as provided in the December 19 Order, rather than file a motion for summary judgment. This request for a pre-motion conference is being made at this time in order to comply with paragraph 8 of the Second Revised Civil Case Management Order which requires that a request for a pre-motion conference be made within fourteen days of the February 7, 2013 deadline for fact discovery.