UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
THEMIS CAPITAL, LLC and        :
DES MOINES INVESTMENTS LTD.,   :     No. 09 Civ. 1652 (PAE)
                       :
          Plaintiffs,     :
                       :
          v.        :
                       :
DEMOCRATIC REPUBLIC OF CONGO  :
and CENTRAL BANK OF THE       :
DEMOCRATIC REPUBLIC OF THE     :
CONGO,                     :
                       :
          Defendants.   :
------------------------------------------------------x

### DECLARATION OF SARA Z. MOGHADAM
### IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER

Pursuant to 28 U.S.C. § 1746, I, Sara Z. Moghadam, declare as follows:

1.     I am an attorney duly admitted to the Bars of the State of Maryland and the District of Columbia and am admitted *pro hac vice* in this litigation as counsel for the Defendants.

2.     I respectfully submit this declaration in support of Defendants' Motion for Leave to Amend Answer.

3.     Attached as Exhibit A is a true and correct copy of the proposed Amended Answer that the Defendants seek leave to file.

4.     Attached as Exhibit B is a true and correct copy of a document comparing the answer filed by the Defendants on January 28, 2012 (Dkt. 70) and the proposed Amended Answer attached hereto as Exhibit A.  This document was generated using Change-Pro TDC Suite document comparison software.

5.    Attached as Exhibit C is a true and correct copy of an e-mail exchange regarding discovery between Plaintiffs' counsel and Defendants' counsel, including a February 15, 2013 e-mail from Douglas Mateyaschuk to Dennis Hranitzky and Debra O'Gorman, copying myself and a February 25, 2013 e-mail from Dennis Hranitzky to Douglas Mateyaschuk and Debra O'Gorman, copying myself.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  Washington, D.C.
        March 1, 2013                                   Sara Z. Moghadam

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
THEMIS CAPITAL, LLC and              :
DES MOINES INVESTMENTS LTD.,         :     No. 09 Civ. 1652 (PAE)
                                     :
              Plaintiffs,            :
                                     :
          v.                         :
                                     :
DEMOCRATIC REPUBLIC OF CONGO         :
and CENTRAL BANK OF THE              :
DEMOCRATIC REPUBLIC OF THE           :
CONGO,                               :
                                     :
              Defendants.            :
------------------------------------------------------x
```

## AMENDED ANSWER TO THE AMENDED COMPLAINT

Defendants the Democratic Republic of the Congo ("DRC") and the Central Bank of the Democratic Republic of the Congo ("the Central Bank," and together with the DRC, the "Defendants"), through their attorneys, respectfully submit the following Amended Answer to Plaintiffs' Amended Complaint.

### NATURE OF ACTION

1.      Paragraph 1 contains a summary of the Amended Complaint. In response, Defendants respectfully refer to the Amended Complaint, which speaks for itself, and they deny any allegations that are not specifically admitted in this Amended Answer.

### THE PARTIES

2.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint and, therefore, deny them.

3.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint and, therefore, deny them.

4.      Defendants admit the allegations in paragraph 4 of the Amended Complaint.

5.      Defendants admit the allegations in paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6.      Defendants state that the allegations contained in paragraph 6 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 6.

7.      Defendants respectfully refer the Court to the Refinancing Credit Agreement dated as of March 31, 1980 (the "Credit Agreement"), attached as Exhibit A to the Amended Complaint, which speaks for itself, and Defendants deny any allegations in paragraph 7 of the Amended Complaint that are inconsistent with the full terms thereof.

8.      Defendants state that the allegations in paragraph 8 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny them.

## FACTUAL ALLEGATIONS

9.      Defendants respectfully refer the Court to the Credit Agreement attached as Exhibit A to the Amended Complaint, which speaks for itself, and Defendants deny any allegations in paragraph 9 of the Amended Complaint that are inconsistent with the full terms thereof.

10.     Defendants respectfully refer the Court to the Credit Agreement attached as Exhibit A to the Amended Complaint, which speaks for itself, and Defendants deny any allegations in paragraph 10 of the Amended Complaint that are inconsistent with the full terms thereof.

11.     Defendants respectfully refer the Court to the Credit Agreement attached as Exhibit A to the Amended Complaint, which speaks for itself, and Defendants deny any allegations in paragraph 11 of the Amended Complaint that are inconsistent with the full terms thereof.

12.     Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13.     Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14.     Defendants admit the allegations in paragraph 14 of the Amended Complaint.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint and, therefore, deny them.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint and, therefore, deny them.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint and, therefore, deny them.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint and, therefore, deny them.

19.     Defendants lack sufficient knowledge or  information to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint and, therefore, deny them.

20.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint and, therefore, deny them.

**COUNT I**
**(By Des Moines Against Congo, For Breach of the Credit Agreement)**

21.     Defendants incorporate by reference their responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

22.     The allegations in paragraph 22 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, therefore, deny them.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint and, therefore, deny them.

24.     Defendants deny the allegations in paragraph 24 of the Amended Complaint.

## COUNT II
### (By Des Moines Against the Central Bank, For Breach of the Credit Agreement)

25.     Defendants incorporate by reference their responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

26.     The allegations in paragraph 26 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and, therefore, deny them.

27.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint and, therefore, deny them.

28.     Defendants deny the allegations in paragraph 28 of the Amended Complaint.

## COUNT III
### (By Themis Against Congo, For Breach of the Credit Agreement)

29.     Defendants incorporate by reference their responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

30.     The allegations in paragraph 30 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants

lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and, therefore, deny them.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and, therefore, deny them.

32.     Defendants deny the allegations in paragraph 32 of the Amended Complaint.

## COUNT IV
### (By Themis Against the Central Bank, For Breach of the Credit Agreement)

33.     Defendants incorporate by reference their responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

34.     The allegations in paragraph 34 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and, therefore, deny them.

35.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint and, therefore, deny them.

36.     Defendants deny the allegations in paragraph 36 of the Amended Complaint.

Answering the WHEREFORE paragraph immediately following paragraph 36 of the Amended Complaint including subparagraphs (1), (2) and (3) to the WHEREFORE paragraph, Defendants deny the allegations therein and specifically deny that Plaintiffs are entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendants state the following defenses without assuming the burden of proof as to any issue for which the burden is placed on Plaintiffs. Defendants affirmatively state as follows:

5

## FIRST AFFIRMATIVE DEFENSE

Because Defendants are foreign states within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), they enjoy immunity from the jurisdiction of United States courts.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Defendants due to insufficiency of process and service. Defendants therefore reserve the right to move for dismissal.

## THIRD AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action or claim upon which relief can be granted because Plaintiffs' claims are time-barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to assert their claims and/or are not the real parties in interest.

WHEREFORE, Defendants request that the relief sought in the Amended Complaint be denied, that the Amended Complaint be dismissed with prejudice and judgment entered for the Defendants and that they be awarded their costs, including reasonable attorneys' fees, in this action and such other relief that the Court may deem appropriate.

Dated:  March 1, 2013

By: /s/ Douglas W. Mateyaschuk

Douglas W. Mateyaschuk
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
douglas.mateyaschuk@dlapiper.com
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

Tara M. Lee (admitted *pro hac vice*)
DLA Piper LLP (US)
One Fountain Square
11911 Freedom Drive, Suite 300
Reston, VA 20190-5602
tara.lee@dlapiper.com
Telephone:  (703) 773-4000
Facsimile:  (703) 773-5000

Sara Z. Moghadam (admitted *pro hac vice*)
DLA Piper LLP (US)
500 8th Street, NW
Washington, DC 20004
sara.moghadam@dlapiper.com
Telephone:  (202) 779-4000
Facsimile:  (202) 779-5000

*Attorneys for Defendants,*
*Democratic Republic of the Congo and*
*Central Bank of the Democratic Republic*
*of the Congo*

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

                            x
--------------------------------------------------------x
THEMIS CAPITAL, LLC and                    :
DES MOINES INVESTMENTS LTD.,               :          ~~No. 09 Civ. 1652 (PAE)~~ No. 09 Civ.
1652 (PAE)                                            8152 (PAE)
                                           :          ~~PROPOSED ANSWER~~
              Plaintiffs,                  :
                                           :
                                           :
                  v.                       :
                                           :
                                           :
DEMOCRATIC REPUBLIC OF CONGO               :
and CENTRAL BANK OF THE                    :
DEMOCRATIC REPUBLIC OF THE                 :
CONGO,                                     :
                                           :
              Defendants.                  :
--------------------------------------------------------x

## AMENDED ANSWER TO THE AMENDED COMPLAINT

Defendants~~, The~~ the Democratic Republic of the Congo (~~the~~ "DRC~~" or the "Congo~~") and

the Central Bank of the ~~DRC  (~~Democratic Republic of the Congo ("the Central Bank," and

together with the DRC, the "Defendants"), ~~by~~through their ~~counsel, Emery Mukendi Wafwana &~~

~~Associates, P.C., as and for their Proposed~~attorneys, respectfully submit the following Amended

Answer to Plaintiffs' Amended Complaint~~, upon information and belief, respectfully state~~:

### NATURE OF ACTION

1.    Paragraph 1 ~~of the Complaint~~ contains a summary of the Amended Complaint~~to~~

~~which no.  In~~ response ~~is necessary.~~  Defendants respectfully refer to the Amended Complaint,

which speaks for itself, and they deny any allegations that are not specifically admitted in this

Amended Answer.

### THE PARTIES

2.~2.    Defendants lack sufficient knowledge or information to ~~from~~form a belief as to the ~~facts alleged~~truth of the allegations in paragraph 2 of the Amended  Complaint and, therefore, deny them.

3.~3.    Defendants lack sufficient knowledge or information to ~~from~~form a belief as to the ~~facts alleged~~truth of the allegations in paragraph 3 of the Amended Complaint and, therefore, deny them.

4.~4.    Defendants admit the ~~allegation of~~allegations in paragraph 4 of the Amended Complaint.

5.~5.    Defendants admit the ~~allegation of~~allegations in paragraph 5 of the Amended Complaint.

**JURISDICTION AND VENUE**

6.~6.    Defendants ~~deny~~state that the allegations ~~of~~contained in paragraph 6 of the Amended Complaint. are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 6.

~~7. Defendants admit the allegation of paragraph 7 of the Amended Complaint.~~
8.~7.    Defendants respectfully refer the Court to the Refinancing Credit Agreement dated as of March 31, 1980 (the "Credit Agreement"), attached as Exhibit A to the Amended Complaint, which speaks for itself, and Defendants deny ~~the  allegation of~~any allegations in paragraph ~~8~~7 of the Amended Complaint that are inconsistent with the full terms thereof.

9.~8.    Defendants ~~admit~~state that the allegations ~~of~~in paragraph ~~9~~8 of the Amended Complaint. are legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny them.

**FACTUAL ALLEGATIONS**

EAST\55185180.1

9.  Defendants respectfully refer the Court to the Credit Agreement attached as Exhibit A to the Amended Complaint, which speaks for itself, and Defendants deny any allegations in paragraph 9 of the Amended Complaint that are inconsistent with the full terms thereof.

~~10.~~ 10. Defendants ~~admit the allegation of~~respectfully refer the Court to the Credit Agreement attached as Exhibit A to the Amended Complaint, which speaks for itself, and Defendants deny any allegations in paragraph 10 of the Amended Complaint that are inconsistent with the full terms thereof.

~~11. Defendants admit the allegations of paragraph 11 of the Amended Complaint.~~
11.  Defendants respectfully refer the Court to the Credit Agreement attached as Exhibit A to the Amended Complaint, which speaks for itself, and Defendants deny any allegations in paragraph 11 of the Amended Complaint that are inconsistent with the full terms thereof.

~~12.~~ 12. Defendants deny the ~~allegation of~~allegations in paragraph 12 of the Amended Complaint.

~~13.~~ 13. Defendants deny the allegations ~~of~~in paragraph 13 of the Amended Complaint.

~~14.~~ 14. Defendants admit the ~~allegation of~~allegations in paragraph 14 of the Amended Complaint.

~~15. Defendants admit the allegation of paragraph 15 of the Amended Complaint.~~
15.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint and, therefore, deny them.

~~16.~~ 16.  Defendants lack sufficient knowledge or information to ~~from~~form a belief as to the

truth of the allegations ~~facts alleged~~ in paragraph 16 of the Amended Complaint and, therefore, deny them.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint and, therefore, deny them.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint and, therefore, deny them.

~~17. Defendants admit the allegation of paragraph 17 of the Amended Complaint.~~

~~18. Defendants admit the allegation of paragraph 18 of the Amended Complaint.~~

~~19.~~ 19. Defendants lack sufficient knowledge or  information to ~~from~~ form a belief as to the ~~facts alleged~~ truth of the allegations in paragraph 19 of the Amended Complaint and, therefore, deny them.

20.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint and, therefore, deny them.

## COUNT I
### (By Des Moines Against Congo, For Breach of the Credit Agreement)

21.     Defendants incorporate by reference their responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

22.     The allegations in paragraph 22 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, therefore, deny them.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint and, therefore, deny them.

4

20. 24. Defendants admit the allegation of deny the allegations in paragraph 2024 of the Amended Complaint.

**COUNT II**
**(By Des Moines Against the Central Bank, For Breach of the Credit Agreement)**

25.     Defendants incorporate by reference their responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

26.     The allegations in paragraph 26 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and, therefore, deny them.

27.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint and, therefore, deny them.

28.     Defendants deny the allegations in paragraph 28 of the Amended Complaint.

**COUNT III**
**(By Themis Against Congo, For Breach of the Credit Agreement)**

29.     Defendants incorporate by reference their responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

30.     The allegations in paragraph 30 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and, therefore, deny them.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and, therefore, deny them.

32.     Defendants deny the allegations in paragraph 32 of the Amended Complaint.

**COUNT IV**

EAST\55185180.1

**(By Themis Against the Central Bank, For Breach of the Credit Agreement)**

33.     Defendants incorporate by reference their responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

34.     The allegations in paragraph 34 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and, therefore, deny them.

35.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint and, therefore, deny them.

36.     Defendants deny the allegations in paragraph 36 of the Amended Complaint.

Answering the WHEREFORE paragraph immediately following paragraph 36 of the Amended Complaint including subparagraphs (1), (2) and (3) to the WHEREFORE paragraph, Defendants deny the allegations therein and specifically deny that Plaintiffs are entitled to any of the requested relief.

**AFFIRMATIVE DEFENSES**

Defendants state the following defenses without assuming the burden of proof as to any issue for which the burden is placed on Plaintiffs.  Defendants affirmatively state as follows:

AS FOR A FIRST AFFIRMATIVE DEFENSE

21. Because Defendants are foreign states within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), they enjoy immunity from the jurisdiction of United States courts.

AS FOR A SECOND AFFIRMATIVE DEFENSE

22. The Court lacks jurisdiction over Defendants due to insufficiency of process and service. Defendants therefore reserve the right to move for dismissal.

AS FOR A THIRD AFFIRMATIVE DEFENSE

23. The complaint fails to state a cause of action or claim upon which relief can be granted because Plaintiffs' claims are time-barred by the statute of limitations.

FOURTH AFFIRMATIVE DEFENSE<br>COUNTERCLAIMS

The Plaintiffs lack standing to assert their claims and/or are not the real parties in interest.

FIRST COUNTERCLAIM

24. This complaint is frivolous and totally without merit.

25. As a result of Plaintiffs' / conduct, Defendants suffered and continue to suffer damages in amounts to be determined at trial and other compensatory and punitive damages and attorneys fees.

WHEREFORE, Defendants prayrequest that the relief sought in the Amended Complaint be denied, and that Defendants have judgment against the Plaintiffs for the costs ofthat the Amended Complaint be dismissed with prejudice and judgment entered for the Defendants and that they be awarded their costs, including reasonable attorneys' fees, in this action and such other and further relief as tothat the Court seems propermay deem appropriate.

7

Dated: March 1, 2013                    By: /s/ Douglas W. Mateyaschuk

Douglas W. Mateyaschuk
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
douglas.mateyaschuk@dlapiper.com
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

Tara M. Lee (admitted *pro hac vice*)
DLA Piper LLP (US)
One Fountain Square
11911 Freedom Drive, Suite 300
Reston, VA 20190-5602
tara.lee@dlapiper.com
Telephone:  (703) 773-4000
Facsimile:  (703) 773-5000

Sara Z. Moghadam (admitted *pro hac vice*)
DLA Piper LLP (US)
500 8th Street, NW
Washington, DC 20004
sara.moghadam@dlapiper.com
Telephone:  (202) 779-4000
Facsimile:  (202) 779-5000

*Attorneys for Defendants,*
*Democratic Republic of the Congo and*
*Central Bank of the Democratic Republic*
*of the Congo*

Dated: New York, New York
            January 27, 2012

Respectfully submitted,

Emery Mukendi Wafwana & Associates, P.C.

By: /s/ Nady Mayifuila

Nady Mayifuila (mayifuila@cabemery.org)
250 Park Avenue, 7th Floor
New York, New York  10177
(212) 922-0040

8

EAST\55185180.1

~~Attorney for the Democratic Republic of the Congo and the
Central Bank of the Democratic Republic of the Congo~~

| Summary Report: Litéra® Change-Pro TDC 7.0.0.375 Document Comparison done on 3/1/2013 12:29:57 PM | |
|---|---|
| **Style Name:** DLAPiper | |
| **Original DMS:** iw://EASTDMS/EAST/55185180/1 | |
| **Modified DMS:** iw://EASTDMS/EAST/53704200/3 | |
| **Changes:** | |
| Add | 124 |
| Delete | 96 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 1 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 225 |

# EXHIBIT C

**Moghadam, Sara Z.**

| | |
|---|---|
| **From:** | Hranitzky, Dennis <dennis.hranitzky@dechert.com> |
| **Sent:** | Monday, February 25, 2013 12:27 PM |
| **To:** | Mateyaschuk, Douglas; OGorman, Debra |
| **Cc:** | Moghadam, Sara Z. |
| **Subject:** | RE: Documents Produced by the Defendant |

Douglas,

Apologies for the delayed response. Thank you for providing this written summary of our call on February 14. There is only one point I would like to clarify. With respect to assignment documentation upstream from the assignments to the plaintiffs, I did not say that plaintiffs have no such documents. In fact, plaintiffs do have copies of some of those documents.

The remainder of your description of plaintiffs' position with respect to those documents is accurate.

Safe travels to Kinshasa.

Regards,

Dennis

---

**From:** Mateyaschuk, Douglas [mailto:Douglas.Mateyaschuk@dlapiper.com]
**Sent:** Friday, February 15, 2013 11:39 AM
**To:** Hranitzky, Dennis; OGorman, Debra
**Cc:** Moghadam, Sara Z.
**Subject:** FW: Documents Produced by the Defendant

Dennis:

You asked that defense counsel provide a brief email summarizing yesterday's call. As you will recall, this call was convened at the plaintiffs' request, specifically to follow up on various discovery issues and address whether the defendants were prepared to drop certain defenses, thereby narrowing the issues to be addressed in discovery.

As we stated during the call, in the past two weeks defense counsel have been very busy processing case files and becoming familiar with the discovery record. We acknowledged the plaintiffs' cooperation in providing us with relevant files and highlighted a few documents that we believed were still missing. Following our call, plaintiffs' counsel graciously provided us with those documents.

The parties also discussed the efforts that defense counsel has undertaken in advance of our fact finding trip to Kinshasa, which is currently scheduled for the first week in March. These efforts have included engaging appropriate channels to assist us in conducting productive meetings on the ground. We have also been dealing with other logistical considerations, such as the need to get our team properly vaccinated (a weeks-long process) and the need to obtain visas. Therefore, as we stated, while we wished that our trip to Kinshasa could have happened sooner, we weren't in a position of knowledge or logistical capability to make that happen; the first week of March is really the first practical opportunity for us to be in Kinshasa. You stated that you did not believe that defense counsel was dragging its feet and understood the logistical difficulties involved in planning for such a trip, including the need to be properly vaccinated.

With regard to plaintiffs' request to discuss whether the defendants are prepared to drop certain defenses and streamline discovery, we informed you that those determinations could only be made after we performed our

1

fact-finding and met with the clients in Kinshasa. However, we assured you that we had no interest in asserting defenses that could not be properly supported and expressed our willingness to streamline discovery if at all practicable.

We also informed you that we had reached out to the defendants' previous counsel to discuss the conduct of the defense through January 2013. We have since had further conversations with Nady, who just returned to the U.S., and expect to be able to speak with her in the coming days, if not hours.

We acknowledged that we would be looking for files that plaintiffs believe may exist but have not yet been produced. Specifically, plaintiffs expressed their desire to know whether the Governor of the Central Bank uses email, and we confirmed that we would be looking for relevant electronic and paper records.

We also assured you that we had read the Court's opinions regarding the defendants' discovery obligations and would make sure that the Court's rulings are conveyed to our clients.

Lastly, we raised an issue with respect to the plaintiffs' responses to the defendants' document requests. Specifically, we noted that plaintiffs had produced deeds of assignment to Themis and Des Moines but had objected to the request for all preceding assignment documentation and we inquired as to the basis of the plaintiffs' objection. You indicated that you believed what had been produced was sufficient to demonstrate the plaintiffs' interest in the debt, that the plaintiffs did not have the prior assignments and you did not believe they had any obligation to obtain them from their predecessors in interest.

The parties agreed that they will be in a better position following defense counsels' trip to Kinshasa to engage in more detailed talks about remaining discovery issues.

Best regards,
Doug


**Douglas W. Mateyaschuk II**
Partner

**T** +1 212.335.4984
**F** +1 212.884.8455
**E** douglas.mateyaschuk@dlapiper.com



DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
United States
www.dlapiper.com

---

**From:** OGorman, Debra [mailto:Debra.O'Gorman@dechert.com]
**Sent:** Thursday, February 14, 2013 3:31 PM
**To:** Moghadam, Sara Z.
**Cc:** Mateyaschuk, Douglas; Hranitzky, Dennis
**Subject:** RE: Documents Produced by the Defendant

Okay thanks. And, as Dennis mentioned, it would be very helpful to receive from your end a report updating the status of DLA's efforts to resolve the outstanding discovery issues.

Debra D. O'Gorman
Counsel
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3593

**From:** Moghadam, Sara Z. [mailto:sara.moghadam@dlapiper.com]
**Sent:** Thursday, February 14, 2013 3:23 PM
**To:** OGorman, Debra
**Cc:** Mateyaschuk, Douglas; Hranitzky, Dennis
**Subject:** RE: Documents Produced by the Defendant

Thank you for your e-mail and the two transcripts. We are going through our files again to confirm what we have and I'll let you know if we identify anything else that appears to be missing.

**From:** OGorman, Debra [mailto:Debra.O'Gorman@dechert.com]
**Sent:** Thursday, February 14, 2013 11:46 AM
**To:** Moghadam, Sara Z.
**Cc:** Mateyaschuk, Douglas; Hranitzky, Dennis
**Subject:** Documents Produced by the Defendant

Sara - I am trying to get a handle on what documents produced by defendants may still need to be supplied to you.

Defendants' initial document production accompanied the written responses to the request for production as Exhibits A through J. I am certain that a hard copy of these documents were supplied. Defendants also brought documents with them to the depositions. To the extent possible, the documents, many of which were books, were copied and marked at the deposition so you should have received these on the disk with the deposition transcripts I sent to Tara. Nady also provided originals of annual reports, which we copied and returned to her. Copies are included in the document set we provided on disk. There were also a few additional documents attached to Nady's affidavit and you have those in hard copy. On January 3, Nady send me a letter with some additional documents attached. The letter and the documents were bates numbered and included on the production disk.

I believe that this covers the productions from defendants, although you may want to verify this with Nady when you have a chance to speak with her. Please let me know if there was something more you had in mind and I will look in to it.

Debra D. O'Gorman
Counsel
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3593

**From:** Moghadam, Sara Z. [mailto:sara.moghadam@dlapiper.com]
**Sent:** Thursday, February 14, 2013 10:39 AM
**To:** OGorman, Debra
**Subject:** RE: 2012-10-23 Songa Deposition Transcript - Full Page-CERTIFIED COPY.PDF

Thank you.

**From:** OGorman, Debra [mailto:Debra.O'Gorman@dechert.com]
**Sent:** Thursday, February 14, 2013 10:35 AM
**To:** Mateyaschuk, Douglas; Moghadam, Sara Z.
**Subject:** 2012-10-23 Songa Deposition Transcript - Full Page-CERTIFIED COPY.PDF

Attached is the transcript of Professor Songa's October 23 deposition.

Debra D. O'Gorman
Counsel
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3593

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.