

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**DENNIS H. HRANITZKY**

dennis.hranitzky@dechert.com
+1 212 641 5647  Direct
+1 212 698 3599  Fax

March 4, 2013

**VIA EMAIL**

Honorable Paul A. Engelmayer
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Themis Capital & Des Moines Investments Ltd. v. The Democratic Republic of Congo & the Central Bank of the Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE)

Dear Judge Engelmayer:

We write on behalf of the plaintiffs in response to Mr. Mateyaschuk's March 1, 2013 letter regarding Defendants' Second Request for Production of Documents to Plaintiffs (the "Second Requests"). In sum, plaintiffs believe the Second Requests are improper because we did not understand the Court's extension of the fact discovery cutoff to contemplate service of entirely new document requests at this late juncture. Furthermore, as explained below, (a) plaintiffs believe that they have already produced all documents in their possession, custody and control in response to Request Nos. 1, 3 and 4, (b) plaintiffs have no documents responsive to Request Nos. 2 and 5, (c) Request No. 6 seeks production of documents that are not relevant to any live issue in this action, and (d) Request No. 7 is improper on its face.

As the Court will recall, at the time of the January 30 conference at which Your Honor extended the deadline for concluding fact discovery, such discovery was due to terminate in just one week. In the spirit of cooperation and due to plaintiffs' desire to obtain a complete production of documents from defendants (and certain third-parties), we agreed to extend the date by which document production must be completed to March 29, 2013, and the cutoff date for fact discovery to April 19, 2013. At that time, plaintiffs believed they had completed their production of documents in response to Defendants' First Request for Production (the "First Requests"), and were aware of no open or outstanding issues with respect to those requests or any other discovery defendants were seeking from plaintiffs.[1]

Defendants now take the position that this extension of fact discovery permits them to serve a new set of document requests on plaintiffs. However, as I made clear to defense counsel when we were negotiating the terms of the Third Revised Case Management Plan:

---

[1]  Mr. Mateyaschuk's suggestion that plaintiffs have not yet completed their production of documents responsive to defendants' First Requests is misleading. In response to a recent request by defendants, plaintiffs agreed last week to produce some additional documents to which they originally objected to providing. Otherwise, plaintiffs' production has been complete for months.

US  Austin  Boston  Charlotte  Hartford  Los Angeles  New York  Orange County  Philadelphia  Princeton  San Francisco
Silicon Valley  Washington DC    EUROPE  Brussels  Dublin  London  Luxembourg  Moscow  Munich  Paris    ASIA  Beijing  Hong Kong


**Dechert**
LLP

Honorable Paul A. Engelmayer
March 4, 2013
Page 2

> we agreed to extend the fact discovery cutoff to give Defendants time to
> search for and produce documents that are, by now, many months overdue –
> not to reopen discovery generally. Defendants had many months in which
> to serve interrogatories and request for admission, and chose not to do so.
> The fact that defendants retained new counsel on the eve of the discovery
> cutoff does not entitle them to a "do-over" now.

Email from D. Hranitzky dated January 31, 2013 attached to Mateyaschuk letter as A.44. At no point in my correspondence with defendants' counsel did I suggest that plaintiffs would agree to the service of new document requests. Nor did plaintiffs understand from the Court's remarks at the January 30 conference that Your Honor contemplated the service of such requests.

In the event, however, that the Court considers the Second Requests timely, we believe each of those Requests is improper for the following reasons:

Request 1 seeks the production of documents related to the 2003 tolling agreements. We believe that plaintiffs have already produced all responsive documents in their possession, custody or control in response to the First Requests.

Request 2 seeks documents related to the 2009 tolling agreement. Plaintiffs obtained this document and related materials from third-parties, and have already provided defendants with copies of such materials. Other than these documents obtained from third parties, plaintiffs have no documents responsive to this request.

Request 3 is also duplicative of a prior request for production to which plaintiffs have already responded. This request seeks the production of assignment documents, and plaintiffs have produced documents reflecting the assignment of the applicable interests to them. Defendants' counsel has recently sought an expanded production of predecessor assignment documents – and we have agreed to produce those documents as well.

Request 4 seeks documents related to the amounts due to plaintiffs and to the calculation of interest on such amounts. We believe that between (a) the documents plaintiffs submitted in connection with their motion for default judgment and the subsequent proceedings before Magistrate Judge Fox relating to the calculation of interest to be included in the default judgment, and (b) the documents recently produced by certain third parties, plaintiffs have already produced all documents in their possession, custody or control responsive to this request.

Request 5 seeks documents related to the 1980 Credit Agreement, including documents related to the DRC's repayment efforts. Apart from (a) the correspondence between the parties in connection with their unsuccessful settlement discussions, and (b) materials produced by third-parties, we do not believe that plaintiffs have any such documents. Further, to the extent that there have been any "repayment efforts," defendants should already possess any related documents.


**Dechert**
LLP

Honorable Paul A. Engelmayer
March 4, 2013
Page 3

Request 6 seeks the organizational structure and ownership of plaintiffs Themis and Des Moines. This request is outside of the scope of the limited discovery authorized by the Court in its July 26 decision denying plaintiffs' motion for summary judgment, and is irrelevant to any claim or defense raised in this action. Furthermore, based on my experience litigating similar actions to enforce defaulted debt issued by foreign states, I fear that defendants intend to use this irrelevant information to harass plaintiffs' investors and affiliates. In my experience, sovereign defendants often seek the identity of principals to the funds that hold interests on sovereign debts due so that these individuals can be harassed, maligned or criticized as "vultures."[2]

Request 7 seeks "Any other documents not previously requested supporting, contradicting or otherwise relating to the claims asserted in this Action or otherwise relating to the subject matter of this Action." This request ignores the limited scope of discovery set forth in the Court's decision and is so vague and overbroad that plaintiffs cannot meaningfully respond to it.

For the foregoing reasons, we respectfully request that the Court find that the Second Requests are untimely and, in the alternative, rule that they are objectionable and that plaintiffs are not required to respond.

I would like to advise the Court that I am in Paris today, returning to New York tomorrow afternoon. If possible, plaintiffs would prefer that the Court not hold a conference before Wednesday morning.

Respectfully submitted,

Dennis H. Hranitzky

cc:   Defendants' counsel of record

---

[2]   See, e.g. Vulture Fund Threat to Third World. How Corporations Continue to Rape The Worlds Poor, available at http://www.informationclearinghouse.info/article17070.htm attached as Exhibit A. If the Court concludes that this Request is proper, we would request the Court's authorization to produce any responsive information on an "attorneys' eyes only" basis with the understanding that counsel for defendants will be personally liable for any damage to plaintiffs, their investors or their predecessors-in-interest resulting from the release of such information to anyone other than the attorneys who have entered appearances for defendants in this action.