UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                  :

THEMIS CAPITAL and DES MOINES       :
INVESTMENTS LTD.,                             :
                                                :          09 Civ. 1652 (PAE)
                         Plaintiffs,       :
               -v-                     :          OPINION & ORDER
                                                    :

DEMOCRATIC REPUBLIC OF CONGO and    :
CENTRAL BANK OF THE DEMOCRATIC    :
REPUBLIC OF CONGO,                      :
                                                  :
                       Defendants.     :
                                                  :
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

      On July 9, 2014, the Court ruled in favor of Themis Capital, LLC ("Themis") and Des

Moines Investments, Ltd. ("Des Moines") (collectively, "plaintiffs") in this breach-of-contract

lawsuit against the Democratic Republic of the Congo (the "DRC") and the Central Bank of the

Democratic Republic of the Congo ("Central Bank of the DRC") (collectively, "defendants").

*See Themis Capital, LLC v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL

3360709 (S.D.N.Y. July 9, 2014); *see also* Dkt. 213.  The Court held that plaintiffs were entitled

to recover the principal, interest, and certain compound interest on debt that had been

restructured in 1980—pursuant to a Restructuring Credit Agreement ("Credit Agreement")—and

which had gone unpaid since 1990.

      On August 8, 2014, plaintiffs, as the prevailing party to the lawsuit, moved for attorneys'

fees and costs, pursuant to Credit Agreement § 12.05(a).  Dkt. 218.  Defendants' opposition brief

was filed on August 15, 2014.  Dkt. 223.  Defendants did not dispute plaintiffs' right to recover

fees and costs, but they disputed the amount requested.  On September 4, 2014, the Court issued

an Opinion & Order, awarding plaintiffs the sum of $3,469,940.68 in attorneys' fees and costs,

less those fees and costs billed between October 3 and October 22, 2013, which the Court

directed the parties to tabulate.  *See Themis Capital v. Democratic Republic of Congo*, No. 09

Civ. 1652 (PAE), 2014 WL 4379100, at *13 (S.D.N.Y. Sept. 4, 2014) (Dkt. 224).  Construing

the Credit Agreement, the Court also held that this amount was "recoverable solely from the

DRC."  *Id.*

On September 10, 2014, plaintiffs moved for partial reconsideration.  Although plaintiffs

did not ask the Court to reconsider its determination of the amount of fees and costs to which

they are entitled, plaintiffs argued that they were entitled to recover the award of fees and costs

from both defendants—the DRC *and* the Central Bank of the DRC.  Dkt. 227, 228 ("Pl.

Br.").  On September 19, 2014, defendants opposed plaintiffs' motion, Dkt. 232 ("Def. Br."),

both on the grounds that reconsideration is unjustified and on the merits.

As an initial matter, the Court declines to analyze plaintiffs' motion under the District's

strict standards for reconsideration.  *See* S.D.N.Y. Local Civil Rule 6.3.  This is an instance in

which a party validly seeks reconsideration because it did not have a realistic opportunity earlier

to litigate the issue whose resolution it challenges.  Plaintiffs moved globally for fees and costs

against both defendants, implicitly treating the Credit Agreement's fee provision, § 12.05(a), as

applicable to both the DRC and the Central Bank.  The argument that § 12.05(a) imposes a fee

obligation only on the DRC was first made in defendants' opposition brief, and the Court

accepted that argument.  The Court, however, had not invited plaintiffs to file a reply brief, and

thus plaintiffs—at least without seeking leave to file such a brief—did not have an opportunity to

refute defendants' argument.  The core policy limiting bids for reconsideration—that a party not

get an unwarranted second bite at the apple—does not apply here.  Basic fairness instead favors

allowing plaintiffs to argue, at least once, why the construction of § 12.05(a) advocated by defendants and accepted by the Court was in error.  The Court has, therefore, carefully reconsidered that question, in light of plaintiffs' arguments.

However, plaintiffs' motion for reconsideration fails on the merits.  Having carefully examined the Credit Agreement, the Court reaffirms its previous holding that the duty to pay attorneys' fees and costs contained § 12.05(a) of the Credit Agreement runs only against the DRC.  Section 12.05(a) reads, in pertinent part:

> *The Obligor* agrees to pay, in the currency in which incurred:
>
> . . .
>
> (iv) to each Bank and Agent upon its demand all out-of-pocket expenses (including, without limitation, all counsel fees and court costs, stamp taxes, duties and fees) incurred in connection with investigating any Event of Default or enforcing this Agreement or suing for or collecting any overdue amount payable by the Obligor hereunder or otherwise protecting its rights in the event of any failure by the Obligor or Bank of Zaire to comply with the provisions [of the Credit Agreement.]

Credit Agreement § 12.05(a) (emphasis added).  Under the Agreement, the DRC alone is the "Obligor," *see* Credit Agreement at R-1; the Central Bank of the DRC is not.

Notwithstanding this plain text, plaintiffs argue that the DRC and the Central Bank of the DRC are jointly liable for attorneys' fees and costs.  Plaintiffs argue that the same reasoning underlying the Court's holding that the two defendants are jointly liable for the principal, interest, and compound interest due on the outstanding debt, *see* 2014 WL 3360709, at *30–31, applies to the duty to pay fees and costs.  That holding rested on two provisions of the Credit Agreement—§§ 9.01 and 8.03—that expressly make "the Central Bank of the DRC legally responsible for paying plaintiffs the principal and interest owed them." *Id.* at *30.  Properly analyzed, however, these two provisions *do not* make the Central Bank of the DRC legally responsible for paying a post-hoc award of the fees and costs owed under § 12.05(a).

3

Section 9.01 of the Credit Agreement states:

The Bank of Zaire irrevocably and unconditional states and agrees for the benefit of each Bank that: (a) All *payments of principal, interest and other amounts* required under this Agreement are irrevocably authorized by all action required in the Republic of Zaire so that such *payments* can be made in the currency and manner and at the time required by the terms of this Agreement.

Credit Agreement § 9.01 (emphasis added).

Section 8.03 states:

The Obligor hereby irrevocably and unconditionally instructs the Bank of Zaire, for the benefit of each Bank, to make *all payments required by this Agreement as contemplated by clause (ii) of Section 9.01(c)*.

*Id.* § 8.03 (emphasis added). Taken together, these two sections obligate the Central Bank of the DRC to make all "payments" of "principal, interest and other amounts" required by the Credit Agreement. The issue, then, is whether the fees and costs addressed by § 12.05 (a) are covered by the term "other amounts" as used in § 9.01 so as to obligate the Central Bank to pay that award as well.

The Court concludes that they are not, for two related reasons. First, the Credit Agreement's use and non-use of the word "payments" is illuminating. It suggests that the meaning in § 9.01 of "payments of principal, interest, and other amounts" does not include attorneys' fees and costs. The word "payments" is used with some frequency in the Agreement. In the definition section—§ 1—it is used in reference to "principal payments" and "interest payments." And that term is repeatedly used later in the Agreement: in Article II ("Payment and Refinancing") to refer to certain defined principal payments; in Article III ("Interest") to refer to interest payments; in Article IV ("Principal Payments") to refer to defined principal payments; and in Article V ("Other Payment Provisions") to refer to other identified payments, which are defined to include fees and other amounts due to "Servicing Bank[s]." However, tellingly,

4

"payment" is not used anywhere in § 12.05(a), including in subsection (iv), which imposes upon the "Obligor" the duty to pay "counsel fees and court costs."  It thus appears that "payments," as used in the Agreement, was a term intended to refer to the DRC's inherent monetary obligations under the Agreement—*i.e.*, those obligations that automatically existed, not those that might come to exist if the DRC failed to comply and came to be successfully sued.

Second, the structure of the Credit Agreement undermines plaintiffs' notion that the term "other amounts"—the § 9.01 term on which plaintiffs rely—encompasses attorneys' fees and costs.  The language of § 9.01 ("[a]ll *payments* of *principal, interest and other amounts*") tracks that overall structure.  Specifically, as noted, Article III covers payments of *interest*, Articles II and IV covers payments of *principal*, and Article V (entitled "Other Payment Provisions") covers payments of *other amounts*, including fees due to servicing banks.  It appears, therefore, that § 9.01's reference to the payments which the Bank of Zaire—today the Central Bank of the DRC—agreed to backstop is a backward-looking reference to the preceding provisions in the Agreement—Articles II through V.  And thus, it appears, the term "other amounts" as used in § 9.01 refers to the payments addressed by Article V of the Credit Agreement, which, in fact, bears the parallel name "Other Payment Provisions."  The duty to pay litigation fees and costs, by contrast, is provided for only later in the Agreement, in § 12.05(a), which is situated in Article XII (entitled "Miscellaneous"), and which addresses a variety of scenarios, some of which do not relate to or impose any monetary obligation on the DRC.

The Court, therefore, rejects plaintiffs' broad reading of "other amounts."  Sections 9.01 and 8.03 instead, properly considered, make the Central Bank of the DRC responsible for the regular payments set forth in Articles II through V, but not the post-hoc reimbursement of the attorneys' fees and costs set forth in Article XII.

**CONCLUSION**

Under the Credit Agreement, only the Obligor—the DRC—is liable for paying an award of attorneys' fees and costs. This award therefore runs solely against the DRC, and not against the Central Bank of the DRC. Accordingly, plaintiffs' motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion pending at docket number 227.

The parties are directed to submit, no later than September 24, 2014, a proposed judgment consistent with the Court's rulings.[1] On Friday, September 26, 2014, the Court intends to issue a final judgment and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 22, 2014
       New York, New York

---

[1] On September 17, 2014, the Court directed that: "If defendants wish to oppose plaintiffs' request that interest run through the date of judgment, they are to submit, by September 19, 2014, a letter brief of no more than five pages, addressing the arguments made in plaintiffs' July 30, 2014 letter" and supplying apposite case authority. Dkt. 231. Defendants did not submit such a brief. The Court therefore concludes that defendants do not oppose plaintiffs' request that interest run through the date of judgment; the Court also agrees that payment of interest through the date of judgment, as is customary, is merited here. A judgment will issue on Friday, September 26, 2014. In the proposed judgment the parties are to submit on September 24, 2014, the parties are directed to calculate interest through September 26, 2014.