**MALOUF & NOCKELS**

September 29, 2017

Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1305
New York, NY 10007

   Re: *Themis Capital v. DRC*, Case No. 09 Civ. 1652 (PAE)

Dear Judge Engelmayer:

  I write pursuant to the Court's September 12, 2017 order. *See* doc. 280.

## Discovery Produced

  Defendants are mindful of the Court's direction that they attend forthwith to their discovery obligations. Unfortunately, they have been unable to make such discovery (other than that made previously) in the time prescribed. Prior to plaintiffs' Rule 2.C letter, defendants had produced approximately 11,000 pages of documents in defense counsel's possession from previous representation of the DRC. Plaintiffs have complained that these documents—produced at plaintiffs' request—have "marginal relevance," and defendants do not contend that those documents constitute the substantial discovery contemplated by the September 12, 2017 order. Regardless, defendants have interpreted the Court's instruction "to provide all such discovery to the Court" as referencing *post*-September 12, 2017 production, which—despite counsel's best efforts—is none. Should the Court wish to review that prior production and the privilege log therefrom, defendants will provide them posthaste.

## Timetable on Which Defendants Intend to Complete Their Production

  Despite counsel's best efforts, defendants are unable to provide a timetable on which they intend to complete their production. On September 13, 2017, counsel contacted defendants' expert, the former Congolese Ambassador Dr. Faida Mitifu, and advised of the Court's September 12 order. Counsel asked that Dr. Mitifu immediately follow-up with her contacts in Kinshasa regarding plaintiffs' discovery requests and obtain any updates on document searches or time-lines, including: "(1) Any specific efforts undertaken to locate responsive documents, including what documents were the subject of the search(es), what the searches involved, whether the searches were successful, and why or why not"; "(2) Whether any [information or document] searches have been scheduled or planned"; "(3) Whether a witness has been identified who can verify the accuracy of interrogatory responses"; "(4) Progress/status of the Bank's ad hoc committee's review of external debt obligations"; and "(5) Any further communications you have had with government representatives in DRC." Dr. Mitifu responded that she would communicate these developments and inquiries to the Minister of Justice and his deputy chief advisor, as well as to the Central Bank and the Minister of Finance.

  On September 19, 2017, counsel directed correspondence—for which Dr. Mitifu provided a French translation—to a number of Congolese officials advising of the Court's order,

including the State Minister of Justice, the Minister of Finance, the President's Chief of Staff, the Governor of the Central Bank, the Director of the Legal Section at the Central Bank, and the Deputy Chief Minister of Justice. Counsel also advised that defendants needed to provide responsive information and documents for counsel's review by September 25, 2017, to provide sufficient time in advance of production on September 29. Counsel further requested that defendants, to the extent such information and documents could not be provided by that time, advise by September 25 of the status and progress of any efforts or searches. Counsel also advised that if defendants did not respond, counsel would have no choice but to seek leave to withdraw from the representation. To date, other than a single "undeliverable" email alert, counsel have received no response from defendants. As a result, counsel have consulted with Dr. Mitifu again and advised her of their intention to seek leave to withdraw, which Dr. Mitifu has indicated she understands and will relay to her contacts in Kinshasa.

### Discovery Requests to Which Defendants Object[1]

Defendants' ability to identify with specificity those requests to which defendants object and to state and explain the basis for such objection is circumscribed by the responsive information and documents available. And while the Court has indicated that the information and documents ought to be readily accessible, counsel's experience unfortunately has been otherwise.

**Interrogatories.**  Subject to and without waiving the objections set forth in Doc. 278-1, defendants object to Interrogatory Nos. 1, 2, and 3—the subjects of which are referenced herein generally as defendants'[2] financial accounts, debtors, and creditors—as follows:

1. They constitute generalized searches for information, the disclosure of which is prohibited in the absence of Congolese government approval.

2. They seek information some of which plaintiffs have already obtained through third-party subpoenas, so it is not critical that they obtain it from defendants.

3. They are not targeted at specific accounts, debtors, or creditors.

4. They seek information and documents undisputedly created and located in DRC.

---

[1] In determining whether to order discovery of foreign documents and information, courts in this Circuit follow the Restatement (Third) of Foreign Relations Law § 442(1)(c) and consider: (1) the importance of the documents or information requested to the litigation; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of retrieving the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine the important interests of the state where the information is located. *See Gucci America, Inc. v. Curveal Fashion*, 09 Civ. 8459(RJS) (THK), 2010 WL 808639 at *2 (S.D.N.Y. Mar. 8, 2010) (Katz, M.J.); *Minpeco, S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517, 523 (S.D.N.Y. 1987). "In addition, courts in the Second Circuit may also consider the hardship of compliance on the party or witness from whom discovery is sought." *Gucci America*, 2010 WL 808639 at *2 (internal quotations omitted).

[2] Defendants incorporate their objection to the definition of "Judgment Debtors" in Doc. 278-1.

5.      Defendants' interests in protecting their financial information, holdings, and debt, as well as the privacy of their debtors and creditors, from wholesale exposure is significant.

**Requests for Production.**  Subject to and without waiving the objections set forth in Doc. 278-1, defendants object to plaintiffs' Requests for Production as not reasonably calculated to lead to attachable property for the following reasons:

1.      Request Nos. 1, 2, 3, 5, 6, 7, 10, 11, 12,[3] 13, 14, and 15 seek documents regarding property, assets, entities, payments, natural resources, transactions, or accounts located or made within the territorial jurisdiction of the DRC and are therefore beyond the jurisdictional reach of the Court or for which no attachment would be permitted.

2.      Request Nos. 3, 4, 5, 8, 12, 14, and 15 seek documents regarding past, expired, terminated, or completed transfers, financing arrangements—"whether [defendant(s)] continue(s) to be a party thereto"—settlements, compromises, negotiations, transactions, liens, or arrangements.

3.      Request Nos. 4, 5, 8, and 9 seek documents regarding arrangements and indebtedness unrelated to plaintiffs or the RCA and which do not implicate *pari passu* issues.[4]

4.      Request Nos. 6 and 7 seek documents relating to non-party separate and independent juridical entities.[5]

Defendants further object to Request Nos. 8, 9, 10, 11, 12, 14, and 15 because they call for the production of confidential information, including settlements, compromises, and negotiations.

### Local Civil Rule 1.4

As referenced above, recent events have transpired such that counsel for defendants must seek leave to withdraw. Counsel have advised the clients and are in the process of preparing the Local Civil Rule 1.4 submissions. In light of counsel's travel to New York for the October 6, 2017 hearing, counsel respectfully request that the Court consider a short hearing in camera at that time as to the forthcoming motion.

Respectfully submitted,

*/s/ Jeremy Martin*

Jeremy C. Martin

---

[3] Defendants also object to Request for Production No. 12 as it appears plaintiffs hope to uncover information to support an argument that defendants have engaged in misconduct unrelated to this case.

[4] Regardless, post-judgment discovery is not the proper forum for plaintiffs' *pari passu* allegations.

[5] This objection is in addition to defendants' objection to the definition of "Judgment Debtors."