# HOLWELL SHUSTER & GOLDBERG LLP

*750 Seventh Avenue, 26th Floor*
*New York, New York 10019*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

October 4, 2017

The Honorable Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1305
New York, NY 10007

Re:  *Themis Capital et al. v. Democratic Republic of Congo et al.*, No. 09 Civ. 1652

Dear Judge Engelmayer:

We write on behalf of plaintiffs and judgment-creditors, Themis and Des Moines, pursuant to this Court's order of September 12, 2017, regarding defendants' disregard of their post-judgment discovery obligations. Given defendants' September 29 response to this Court's order, and their continued unwillingness to comply not just with their discovery obligations but also with orders entered by this Court, plaintiffs respectfully submit that the Court should impose appropriate sanctions.

### Defendants Have Not Complied With This Court's Order

The Court directed defendants to "attend forthwith to their acknowledged discovery obligations and make substantial discovery to plaintiffs by Friday, September 29." Dkt. 280 at 2. The Court also gave defendants the reasonable instruction to "set[] out a prompt timetable on which defendants intend to complete their production of the discovery responsive to those requests that defendants do not challenge." *Id.*

Defendants have abided by neither of the Court's instructions. They have provided no more documents, despite conceding that the pre-September 12 production of documents does not satisfy the Court's September 12 order. And they have provided no timetable on which they intend to produce additional documents. Instead, demonstrating that defendants have no intention to produce any documents, on any timetable, defendants' counsel has represented that defendants' senior officials have not responded to multiple requests of defense counsel, and counsel has indicated that it intends to withdraw. These are telling facts.

Nor does defendants' September 29 letter interpose the sort of objections that could justify not providing additional documents. As the Court noted on September 12, "plaintiffs' requests are, in the main, proper and justified." *Id.* at 1. Rather than suggest ways in which the requests might be pruned around the edges, defendants again offer the same sort of blanket objections they interposed before. None of their objections could justify withholding documents, as the Court recognized:

*First*, the fact that defendants may need to obtain the approval of Congolese government officials before making a production is not a valid objection under the Federal Rules of Civil

Procedure. Were it otherwise, any party could avoid its discovery obligations by stating that it declines to provide the information. That is not the law.

*Second*, the fact that certain of the requests on their face seek information about assets located in the DRC, transactions to or from the DRC, or documents created in the DRC, does not excuse compliance with the requests (Requests 1, 2, 3, 5, 6, 7, 10, 11, 12, 13, 14, and 15, and all the interrogatory requests). Plaintiffs are entitled to discover information on transactions between the DRC and other countries, and on assets located outside the DRC, and defendants do not assert that the information has been provided or that the requests are improper in that respect.[1] Moreover, plaintiffs are also entitled to discover information on assets located *within* the DRC (such as DRC bank accounts) because this information is potentially relevant to identifying assets located outside the DRC (such as wire transfers from DRC bank accounts to accounts outside the DRC).

*Third*, the fact that certain of the requests seek information about past transactions does not render them irrelevant, for a variety of reasons (Requests 3, 4, 5, 8, 12, 14, and 15). Indeed, information about past transactions may provide a guide as to transactions likely to occur in the future. Moreover, just because a transaction has occurred in the past does not mean the subject assets are beyond plaintiffs' reach; plaintiffs may seek to undo transfers as fraudulent or otherwise. And the information is also relevant to the question whether defendants have violated their *pari passu* obligations.

*Fourth*, *pari passu* discovery is clearly legitimate in the post-judgment setting to identify preferential payments in favor of other creditors while defendants' debts to plaintiffs remain unpaid. (Requests 4, 5, 8, and 9). Any such violations of the *pari passu* clause in the underlying loan agreement would then justify further relief in the form of an injunction specifically enforcing the clause. *See, e.g.*, *NML Capital, Ltd. v. Republic of Argentina*, 2015 WL 3542535 (S.D.N.Y. June 5, 2015) (granting partial summary judgment for breach of *pari passu* clause against Argentina in post-judgment context).

*Fifth*, the fact that documents or information sought by the requests reflect confidential information, such as settlement materials, is not a defense to discovery. There is no settlement privilege in the Second Circuit. *In re Initial Public Offering Sec. Litig.*, 2004 WL 60290, at *2 (S.D.N.Y. Jan. 12, 2004). And the protective order in this case can adequately safeguard any confidentiality concerns defendants may have.

*Sixth*, although defendants object to providing information about certain independent juridical entities in response to Requests 6 and 7, they do not suggest that the documents sought contain irrelevant information or that the requests are unduly burdensome. If the DRC's position is that it does not have possession, custody, or control of the documents in question, that is a separate matter, but defendants do not claim as much (nor do plaintiffs think they could).

*Seventh*, there is no basis for defendants' objection that the interrogatories do not target specific assets. This objection gets the law backwards. Indeed, were the law as defendants suggest, then a judgment debtor could avoid paying a judgment by hiding its assets, and then avoid discovery as to the hidden assets on the ground that the creditor did not know and could not identify the assets the debtor had hidden. This makes no sense.

---

[1] Defendants assert that the requests seek information that plaintiffs already obtained from third-party banks, but plaintiffs do not believe that is the case. And defendants have not taken that position in its interrogatory responses, let alone in a formal response made under oath consistent with Rule 33(b)(3).

In short, defendants have interposed no valid objection to the discovery requests served upon them. They have given the Court no occasion to revisit its September 12, 2017, conclusion that the requests were appropriate and fair. Instead, they have intentionally disregarded the Court's order.

### Defendants Should Be Sanctioned For Their Disregard Of This Court's Order

Given defendants' refusal to comply with the Court's order, the Court may consider a final discovery deadline for compliance with the outstanding requests or, given what at present appears to be defiance of the Court's most recent warnings, move directly to the imposition of sanctions. *See Servass Inc. v. Republic of Iraq*, 2014 WL 279507, at *5 (S.D.N.Y. Jan. 24, 2014); *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 637 F.3d 373, 380 (D.C. Cir. 2011). Plaintiffs are prepared to submit additional briefing on the point should the Court find it helpful, but in the meantime they respectfully suggest that the following would be appropriate:

1. *Contempt:* The current record demonstrates a purposeful refusal to comply with lawful discovery demands. Defendants are simply in contempt of this Court's process and defiant of its judgments. A contempt order (sadly, not the first against defendants) should follow. *Id.* (upholding citation of contempt).

2. *Monetary Sanctions:* Defendants should be subject to monetary sanctions for each week that defendants fail to comply with this Court's post-judgment discovery order. Based on applicable precedent, we suggest that this penalty begin to accrue two weeks from now in an amount of $5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, until the discovery has been produced. *Id.* at 376 ("The court gave the DRC thirty days to complete discovery, or to show cause why a fine payable to Hemisphere should not be imposed in the amount of $5,000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, until DRC satisfied its discovery obligations.").

3. *Equitable Sanctions:* Should the foregoing not result in compliance, plaintiffs reserve the right to apply for further and different sanctions, including equitable sanctions. *See Funnekotter v. Agric. Dev. Bank of Zimbabwe*, 2015 WL 3526661, at *4, *17 (S.D.N.Y Jan. 24, 2014) (granting equitable sanctions).

### The Court Should Deny The Request For An *In Camera* Hearing

Counsel for defendants have requested that the Court hold an *in camera* hearing on Friday on a yet-to-be-filed motion to withdraw under Local Rule 1.4. The request is at best premature, as no such motion has been filed and may never be filed, and it should therefore be denied.

Respectfully submitted,

/s/ *Vincent Levy*
  Vincent Levy